68 N.J. Super. 258 (1961)
172 A.2d 203
MARY ANN KISIELEWSKI, PLAINTIFF,
v.
THE STATE OF NEW JERSEY, STATE OF NEW JERSEY STATE HOME FOR GIRLS, ANNE T. RIKER, PRESIDENT, HELEN SHELEY, SUPERINTENDENT, MARY S. McNATT, ELEANOR LIGETT, BLANCHE VAILE AND BERNICE McGLYNN, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1961.
Decided June 23, 1961.
*259 Before Judges FOLEY, LEWIS and HERBERT.
Mr. Albert A. Sann argued the cause for plaintiff.
Mr. Eugene T. Urbaniak, Deputy Attorney General, argued the cause for defendants (Mr. David D. Furman, Attorney General, attorney).
The opinion of the court was delivered by FOLEY, J.A.D.
We granted leave to appeal from an interlocutory order of the Law Division denying a summary judgment in favor of the State Home for Girls and the individual defendants. The trial court entered judgment in favor of the State of New Jersey upon the ground of its governmental immunity. The parties have agreed that we consider the matter upon the basis of the affidavit, briefs and appendix submitted on the motion for leave to appeal.
This is a negligence case. The complaint alleges that in May 1956 plaintiff, an inmate of the State Home for Girls, was severely burned while working in a kitchen at the institution, the skirt of her dress having been ignited by a pilot light of a stove. It may be surmised that the particular kitchen was in a building at the Home known *260 as Dixon Cottage, but there is no specific allegation in the complaint to that effect.
The complaint describes the individual defendants as follows:
 Anne T. Riker president of the Home,
 Helen Sheley, superintendent,
 Mary S. McNatt head supervisor of Dixon Cottage,
 Bernice McGlynn assistant supervisor,
 Blanche Vaile head supervisor of the kitchen of Dixon Cottage,
 Eleanor Ligett supervisor of the kitchen of Dixon Cottage.
Defendants McGlynn, Vaile and Ligett are alleged to have been working directly under the control of defendant McNatt at the time of the accident.
Plaintiff charges in her complaint that, contrary to "instructions, rules and regulations, the pilot light on the said kitchen stove was lit" while she was preparing lunch, defendant Ligett being present; and that plaintiff was wearing "an everyday dress with a flair skirt," her regulation uniform having been taken from her by Blanche Vaile the day before in order that it might be hemmed. The negligence she alleges against the defendants "jointly and severally" is that (1) they failed "to warn plaintiff of the inherent danger and of the harmful propensities of the pilot light"; (2) they maintained a nuisance; (3) they failed to maintain the stove in proper repair; and (4) they failed to exercise care and diligence in the hiring of "proper and competent help."
While the moving papers addressed to the trial court described the motion as one for "summary judgment" (see R.R. 4:58), in reality it was a motion to dismiss the complaint for failure to state a claim, as provided by R.R. 4:12-2(e).
Admitting that the individual defendants were "either officers or employees" of the State Home for Girls, it was argued that (1) the State itself, and the State Home for Girls as an agency of the State, were both cloaked with *261 governmental immunity, and (2) the individuals, as "public officers performing a public duty under a public statute * * * in the absence of a showing of fraud or malice, are immune from civil liability."
The trial judge, as already indicated, dismissed the case against the State of New Jersey, but denied the motion of the State Home for Girls. We think he should have granted this motion, and now so order. This institution was created as a part of the comprehensive jurisdiction invested in the Department of Institutions and Agencies under R.S. 30:1-1 et seq. It is purely an administrative subdivision of the government, having none of the autonomous attributes of authorities such as the New Jersey Highway Authority which, though created as aids to the State in furtherance of the State's duties to the people, in total effect are self-sustaining corporations modeled in purpose, sustenance, and effect, after private corporations, and by the expressed will of the Legislature, subject to suit. N.J.S.A. 27:12B-5(d). Thus, Taylor v. New Jersey Highway Authority, 22 N.J. 454 (1956), cited as authority by the plaintiff to support her claim for relief against the State Home for Girls, falls short of having this effect. In fact, the court stated therein: "that the State may not be sued in our courts without its consent is firmly established in our jurisprudence." 22 N.J., at page 466.
In denying the motion of the individual defendants, the court concluded that when the legal points raised on a motion of this kind are not susceptible of determination until all the facts are fully elicited as a result of examination and cross-examination of witnesses, it is desirable to have the facts fully developed so that the applicable legal rule may be intelligently determined. We agree.
As already pointed out, defendants' broadside attack on the complaint is posited on the thesis that, although negligence is alleged, in no circumstances can they as public officials and employees be held answerable to plaintiff's complaint. While, in the light of factual developments, *262 one, some, or all of the individual defendants may be granted immunity, such contingency does not operate to defeat plaintiff's pleaded claim for relief as a matter of law at this stage of the proceedings.
Whether a public officer, or employee, is clothed with immunity in the performance or nonperformance of an act in the course of his public service, depends upon the nature of his duties and the nature and quality of the allegedly tortious act or omission with which he is charged.
It is well recognized in the law that an officer is not absolved for his private or personal torts. Prosser on Torts, § 109, p. 780 (1955), and where he commits a tort in the performance of official duties the question arises of whether his duties are "discretionary or quasi-judicial," in which event he is immune from suit, or whether they are "ministerial," in which event he becomes liable for them regardless of good faith. Prosser, supra, at pages 781-782.
The complaint, as presented, charges the individuals with negligence in broad terms. Its breadth encompasses the possibility of proof which could be the basis of the liability of any or all individual defendants. On the other hand, it may be that none will be brought within the span of legal liability. For this reason a full disclosure of the duties of the defendants, their acts or omissions, and the relation of same to plaintiff's pleaded claims is indispensable to a proper determination of the case. The denial of the motion for summary judgment of the individual defendants is affirmed. No costs.