137 N.J. Super. 1 (1975)
347 A.2d 529
IRMA M. KELLER, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF WILLIAM KELLER, DECEASED, AND IRMA M. KELLER, GENERAL ADMINISTRATRIX OF THE ESTATE OF WILLIAM KELLER, A MINOR, DECEASED, PLAINTIFF-RESPONDENT,
v.
COUNTY OF SOMERSET, DEFENDANT-APPELLANT, AND TOWNSHIP OF FRANKLIN, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued April 15, 1975.
Remanded May 30, 1975.
Findings and Conclusions on Remand July 16, 1975.
Letter Memoranda July 29, 31 and August 4, 1975.
Decided October 28, 1975.
*3 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Mr. Mark D. Larner argued for appellant (Messrs. Budd, Larner, Kent, Gross, Picillo and Rosenbaum, attorneys; Mr. Mark D. Larner on brief after remand).
Mr. Andrew V. Clark argued for respondent Keller (Messrs. Seaman, Clark, Levine, Addy & DeAlmedia, attorneys; Mr. Andrew V. Clark on brief after remand).
Mr. Thomas T. Chappell argued for defendant Township of Franklin (Messrs. Lamb, Hutchinson, Chappell, Ryan & Hartung, attorneys; Mr. Frank L. Brunetti on brief after remand).
The opinion of the court was delivered by LYNCH, J.A.D.
Leave having been granted, defendant County of Somerset (county) appeals from an order of the Law Division denying its motion to dismiss plaintiff's complaint for failure to comply with the notice provision of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. (act.).[1] The act requires that a notice of claim be filed with *4 a public entity within 90 days after a cause of action accrues against it. N.J.S.A. 59:8-8.[2]
On July 27, 1973 plaintiff's decedent, her minor son, was driving along Bunker Hill Road in Franklin Township, Somerset County, when his car went off the road and struck a tree. The accident resulted in his death. A notice of claim was filed with each defendant on January 17, 1974, or 174 days after the accrual of the cause of action.
On July 11, 1974 plaintiff's counsel filed a notice of motion for leave to file a notice of claim out of time, pursuant to N.J.S.A. 59:8-9. That section reads as follows:

59:8-9. Notice of late claim.

A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the superior court, be permitted to file such notice at any time within 1 year after the accrual of his claim provided that the public entity has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion based upon affidavits showing sufficient reasons for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act; provided that in no event may any suit aginst a public entity arising under this act be filed later than 2 years from the time of the accrual of the claim.
The affidavit of plaintiff's counsel which accompanied the motion asserted that plaintiff had not retained counsel until after the 90-day period had expired and that the filing of the "civil complaint * * * was not feasible until receipt of an *5 engineer's report upon which the action is based and this report was not received until June 21, 1974."[3]
Following the trial judge's denial of the county's motion to dismiss, we heard argument in this matter and remanded it to the trial judge to determine whether there were "sufficient reasons" for plaintiff's failure to file a notice of claim within the 90-day period. N.J.S.A. 59:8-9. The trial judge was directed to file his findings and conclusions with this court. He has done so after receiving from plaintiff both a further affidavit and, pursuant to leave granted by this court, her oral testimony. The judge found that the failure to file a notice of claim within time was due to two reasons: (1) "The plaintiff * * * was under a debilitating emotional strain following the death of her son," and (2) "* * * she was not aware of the possible existence of a claim against the public entity until the filing time expired." The judge considered such reasons sufficient and permitted the late filing of the notice of claim.
At the outset we note that section 9 of the Tort Claims Act permits relaxation of the 90-day limitation for "sufficient reasons" as long as the public entity is not substantially prejudiced thereby. N.J.S.A. 59:8-9. It is conceded that the public entities here were in no way prejudiced by the delay in filing the notice of claim. Therefore, the issue is reduced to whether the trial court's findings constitute "sufficient reasons" for failure to file the notice of claim within the 90-day period and whether the trial court abused its discretion in permitting the filing out of time.
We must first recognize the nature of the trial judge's action and the scope of our review thereof. By its express terms section 9 permits relaxation of the 90-day limitation "in the discretion" of a judge of the Superior Court. Thus an appellate court cannot reverse unless there was an abuse of that discretion. The act, adopted in 1972, was largely *6 modeled on the California Tort Claims Act of 1963. Report of the Attorney General's Task Force on Sovereign Immunity, 10 (1972). A review of the decisions of the appellate courts of that state demonstrates their disinclination to overturn the action of the trial judge on this issue. Thus, when the trial judge has denied leave to file a late claim and that decision has been upheld on appeal, the affirmance has been largely based on the deference accorded discretionary lower court decisions. See Tammen v. County of San Diego, 66 Cal.2d 468, 58 Cal. Rptr. 249, 426 P.2d 753 (Sup. Ct. 1967); Bennett v. City of Los Angeles, 12 Cal. App.3d 116, 90 Cal. Rptr. 479 (D. Ct. App. 1970); Martin v. City of Madera, 265 Cal. App.2d 76, 70 Cal. Rptr. 908 (D. Ct. App. 1968). On the other hand, where the trial judge has permitted plaintiff to file a claim out of time, the appellate court has customarily sustained the lower court's exercise of its discretion. County of Santa Clara v. Superior Court, 4 Cal.3d 545, 94 Cal. Rptr. 158, 483 P.2d 774 (1971); O'Brien v. City of Santa Monica, 220 Cal. App.2d 67, 33 Cal. Rptr. 770 (1963); Gonzales v. County of Merced, 214 Cal. App.2d 761, 29 Cal. Rptr. 675 (1963).
The reticence of California's appellate courts to interfere with the exercise of the trial judge's discretion on this issue was emphasized in Bennett v. City of Los Angeles, supra, where the court stated: "[W]e must be careful to preserve the area of the superior court's discretion and we must do this in fact, as well as in words." 90 Cal. Rptr. at 482. In Martin v. City of Madera, supra, the court affirmed a denial of plaintiff's application to file out of time although it conceded that if the trial court had granted the application, "it is unlikely that we would have disturbed the trial judge's discretion * * *." 70 Cal. Rptr. at 911. The court in Martin respected the trial judge's discretion despite the fact that in this area denials of relief "are scanned more carefully than cases where the court granted the relief, to *7 the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application." Viles v. State of California, 66 Cal.2d 24, 29, 56 Cal. Rptr. 666, 669, 423 P.2d 818, 821 (Sup. Ct. 1967). See Flores v. County of Los Angeles, 13 Cal. App.3d 480, 91 Cal. Rptr. 717 (D. Ct. App. 1970).
In the present case, since the trial judge granted the application to file a late notice of claim, we review his action with due deference to the discretion which the statute has reposed in him.
The trial judge found that plaintiff was not aware of the possible existence of a claim against defendant public entities until well after the accident and that this was sufficient reason for her failure to file a notice of claim within the prescribed period of time.[4] It is reasonable to accept the proposition that plaintiff was ignorant of the requirements of the Tort Claims Act, which had been adopted only 13 months before the fatal accident.
Defendant argues that "ignorance of the law is no excuse," citing Lutz v. Semcer, 126 N.J. Super. 288 (Law Div. 1974).[5] The decision in Lutz was an exercise of that trial *8 court's discretion. The injury involved in Lutz occurred on January 27, 1973, when defendant police officers were attempting to serve a traffic summons on plaintiff Lutz, an anesthesiologist. Lutz alleged that while he was talking to the officers one of them closed the window of the police car on his finger, as a result of which he suffered the injuries to his hand and back which were the basis of his claim. On February 7, 1973 he appeared at Millburn Municipal Court to answer the traffic summons, at which time he advised the court of his injuries. He also stated that he had retained counsel for the traffic violations. A few days later he called the police surgeon of Millburn, advising him of the injuries. Despite this, Lutz did not move for leave to file a notice of claim until almost six months had passed. 126 N.J. Super. at 290-291. The judge, relying on his findings that plaintiff had from the very first been aware of his injuries and of who had caused them, and that plaintiff had retained an attorney in connection with the incident, held that he had not established sufficient reasons for failing to file a notice of claim on time. Lutz, supra at 296, 300. It was in this context that the court stated that mere ignorance of the law is an insufficient basis to excuse a failure to comply with the statute. Lutz knew from the day he was injured that he had a cause of action against the police officers. The trial court exercised its discretion and held that there was no excuse for Lutz' failure to file a notice of claim within 90 days.
Concededly, the maxim "ignorance of the law is no excuse" is an absolute in the field of criminal law. However, the courts of this State do not consider it an eternal truth when applying time limitations. Thus, New Jersey utilizes a "discovery" concept with respect to the statute of limitations. The courts recognize that where a person is ignorant of the fact that he has been injured by actions of the physician, this ignorance excuses his failure to bring an action until two years after he knew or should reasonably have *9 known the nature of his illness and its causal relationship with acts of the physician. Lopez v. Swyer, 62 N.J. 267, 272 (1973); Fernandi v. Strully, 35 N.J. 434 (1961). The Lopez court stated the philosophy behind the discovery concept:
The discovery rule is essentially a rule of equity. It has been said that in equity lies its genesis. Owens v. White, 342 F. 2d 817, 820 (9th Cir.1965). Like so many other equitable doctrines it has appeared and is developing as a means of mitigating the often harsh and unjust results which flow from a rigid and automatic adherence to a strict rule of law. On the face of it, it seems inequitable that an injured person, unaware that he has a cause of action, should be denied his day in court solely because of his ignorance, if he is otherwise blameless. Yet such is the result that must follow if the years of the statute are to be inexorably calculated from the moment of the wrong, whether or not the party aggrieved knows or has reason to know that he has a right of redress. Parenthetically, we note that the ignorance of which we speak may be of more than one kind. A person may, for instance, be unaware that he has sustained injury until after the statute of limitations has run. This was true in both New Market Poultry Farms, Inc. [New Market Poultry Farms v. Fellows, 51 N.J. 419, 241 A.2d 633] and Diamond, [Diamond v. N.J. Tel. Co., 51 N.J. 594, 242 A.2d 622] supra, where, in each case, the fact of the wrong lay hidden until after the prescribed time had passed. In other cases damage may be all too apparent, but the injured party may not know that it is attributable to the fault or neglect of another. The plaintiffs' claim in this suit falls within the latter category. [62 N.J. at 273-274; emphasis added].
We believe that the same philosophy should be applied in determining whether "sufficient reasons" exist to permit filing a late notice of claim under N.J.S.A. 59:8-9. Plaintiff in this case is unschooled in the law, and it is reasonable to believe that she had no idea whatever that she had a cause of action aaginst the county due to the combination of the recently enacted Tort Claims Act and a defect in the roadway. We consider it inequitable that she should be denied her day in court solely because of her ignorance.
The county argues that in construing the filing requirement of N.J.S.A. 59:8-8, this court should be guided by what the county claims is the "comparable" notice of claim *10 situation under the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq. Under that law, it is said, judicial decisions have stressed the mandatory nature of timeliness of notice. This argument is specious. The Unsatisfied Judgment law provides that notice of intention to make a claim "shall" be given to the Fund Board "as a condition precedent to the right thereafter to apply for payment from the fund * * *." N.J.S.A. 39:6-65 (emphasis added). No such mandatory language appears in the Tort Claims Act. Indeed, having the Unsatisfied Judgment law in mind, the Legislature could have adopted such language if it had intended to make timely filing of a notice of claim mandatory under the Tort Claims Act. The Unsatisfied Judgment law allows only two exceptions to its mandatory requirement of timely filing: (a) where the claimant is physically incapable of filing and (b) where the claimant gives notice to the Fund Board within 15 days of learning that an insurer has disclaimed coverage on his claim. N.J.S.A. 39:6-65. This is in sharp contrast to the Tort Claims Act, which contains a general provision permitting leave to file a late claim to be granted in the "discretion" of the court. N.J.S.A. 59:8-9. We therefore conclude that since the Legislature did not incorporate the language of the Unsatisfied Judgment law into the Tort Claims Act, the cases under the former have no application here. Indeed, we find that the failure of the Legislature to provide that timely filing is a "condition precedent" to recovery under the Tort Claims Act indicates an intention to make the notice requirement of the latter law a flexible one.[6]
*11 The California courts have held that the showing required of a party seeking permission to file a late claim is the same as that required of a party seeking relief from a default judgment. Viles v. State, supra, 56 Cal. Rptr. at 669. If we were to apply that standard here, we would begin by noting that an application to vacate a default judgment is addressed to the sound discretion of the court and that, once again, equitable considerations apply. In passing on such an application, the court will indulge a reasonable excuse and resolve all doubts in favor of the application to the end of securing a trial on the merits and a just result. Foster v. New Albany Machine & Tool Co., 63 N.J. Super. 262 (App. Div. 1960); Goldfarb v. Roeger, 54 N.J. Super. 85 (App. Div. 1959). Furthermore, the action of the trial judge in granting or denying a motion to vacate a default judgment on the ground of mistake, inadvertence, surprise or excusable neglect will not be disturbed on appeal unless it is apparent that the judge abused his discretion.
Excusable neglect, as a ground for vacating a default judgment, has been defined as "that neglect which might have been the act of a reasonably prudent person under the same circumstances." Tradesmen's National Bank & Trust Co. v. Cummings, 38 N.J. Super. 1, 4-5 (App. Div. 1955). The same definition has been adopted by the California courts. Alderman v. Jacobs, 128 Cal. App.2d 273, 276, 274 P.2d 930, 932 (D. Ct. App. 1954). See Tammen v. County of San Diego, supra, 58 Cal. Rptr. at 254. As we have said above, it is patently reasonable to believe that plaintiff, as a reasonably prudent lay person, had no idea that she had a cause of action against defendant county until after the 90-day period for filing a notice of claim had expired.
On the remand ordered by this court plaintiff testified that sometime in September or October 1973 she and her husband discussed their son's accident with a friend who was an engineer. He advised the Kellers that the road on which the accident occurred was hazardous and that they should *12 make a claim for their son's death. He also suggested that they contact another expert. Defendant contends that when Mrs. Keller discussed the matter with the engineer she knew or should have known that she had a possible claim against defendant (cf. Lopez v. Swyer, supra), and that since the notice of claim was filed more than 90 days after the conversation, plaintiff was in default of the filing requirement of the Tort Claims Act. We conclude that the trial judge was justified in determining that knowledge of a possible claim against the county cannot fairly be imputed to plaintiff at least until she consulted her attorney on November 7, 1973. However, even if we accept defendant's analogy, the fact remains that the time limitation in section 9 of this act is not a flat imposition of a fixed time limit, as in the statute of limitations. By its terms this act leaves to the discretion of a Superior Court judge the determination as to whether permission to file out of time should be granted. The fact that plaintiff may have known that she had a possible claim against defendant does not mean that she knew that under this statute she had to file a notice of claim within 90 days of the fatal accident. The Legislature's purpose in fixing the 90-day limitation was twofold: to allow the public entity at least six months after the notice of claim has been filed for administrative review so it can settle meritorious claims prior to the actual filing of suit, and to provide the public entity with prompt notification of a claim so that it can adequately investigate the facts and prepare a defense. Report of the Attorney General's Task Force on Sovereign Immunity, 230-231 (1972). To permit the instant notice of claim to be filed out of time does not frustrate either of those objectives. As we have said, the public entities here were not prejudiced by the late filing.
We conclude that the trial judge did not abuse his discretion in permitting the filing of the late claim so that a trial could be had on the merits. His action is hereby affirmed.
NOTES
[1] Defendant Township of Franklin did not move for dismissal, but its answer claimed that the action was barred because of plaintiff's failure to file notice with it in accordance with the act. N.J.S.A. 59:8-8. Nor did the township obtain leave to appeal. Nevertheless, its counsel filed a brief and appeared at oral argument. The decision herein will consider only the appeal by the county, without prejudice to the defenses raised by the township in its answer.
[2] There is some procedural confusion in the record. On August 16, 1974 the Law Division entered an order permitting plaintiff to file a late notice of claim pursuant to N.J.S.A. 59:8-9. The county thereupon moved to set aside the order and to dismiss the complaint for plaintiff's failure to file a notice of claim. On September 30, 1974 the Law Division vacated its order of August 16 but denied the county's motion to dismiss the complaint. Thus there is actually no outstanding order permitting a late claim. However, since the county's motion to dismiss the complaint was denied and both parties assumed here that the trial court did permit the filing of a late claim, we consider the appeal on that basis.
[3] We are not concerned here with the filing of the complaint as such, but only with the tardy filing of the notice of claim.
[4] We note the trial judge's finding that plaintiff Irma Keller was under a debilitating emotional strain following the death of her son and that this fact was among the "sufficient reasons" for her delay in filing the claim. In our view such finding is not supported by credible evidence in the record. The nature, scope and duration of the emotional strain suffered by plaintiff were not demonstrated. Though understandably under strain following their son's death, plaintiff and her husband continued to operate their business establishment and were able to discuss the accident with numerous people. Furthermore, there was an absence of competent medical testimony to support the finding that plaintiff's emotional strain was causally related to the delay in filing.
[5] At the time defendant's brief was filed with this court, Lutz was the only reported decision construing the 90-day limitation. Since that time there have been three opinions in the Law Division that permitted late filing. Marino v. Union City, 136 N.J. Super. 233 (Law Div. 1975); Wade v. New Jersey Turnpike Auth., 132 N.J. Super. 92 (Law Div. 1975); Dambro v. Union County Park Comm'n, 130 N.J. Super. 450 (Law Div. 1974).
[6] We recognize that New York cases construing section 10(5) of that state's Court of Claims Act hold that ignorance of the fact that a notice of claim must be filed does not constitute a reasonable excuse for failing to file it on time. We conclude that such rigidity does not comport with our policy of treating procedural questions liberally so that the merits of each case can be reached. And in consideration of an equitable treatment we reject the applicability of those decisions in this context. See Lopez v. Swyer, supra.