140 N.J. Super. 323 (1976)
356 A.2d 75
CASILDA TORRES, PLAINTIFF,
v.
JERSEY CITY MEDICAL CENTER, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 20, 1976.
*325 Mr. Joseph D. Bozza for plaintiff (Mr. Rocco Wm. LoPiano, attorney).
Ms. Mary E. Deal for defendant (Messrs. Lieb, Teich & Berlin, attorneys).
BILDER, J.S.C.
This is a motion for leave to file a late notice of claim pursuant to N.J.S.A. 59:8-9, a section of the New Jersey Tort Claims Act. It is novel in that it calls for a determination of the meaning of accrual of a cause of action as used in Chapter 8 of the Act in the context of a medical malpractice case.
On or about January 27, 1975, following surgery for the removal of her ovaries, plaintiff was advised by the surgeon that the ovaries appeared to have been damaged as a result of exposure to x-ray treatment. Plaintiff alleges that this condition was created by x-ray treatments given at the defendant hospital in about August of 1973.
Following the discovery of the cause of action, plaintiff sought the assistance of counsel. However, because of the difficulties which could be foreseen in connection with the litigation, the expenses involved in a proper preparation and presentation of the case, and the serious question as to the extent of the damages even if one were to assume liability, it was not until the end of November of 1975 that plaintiff was finally able to obtain an attorney. Within two weeks of the retention of counsel, a motion for leave to file a late notice of claim was filed.
*326 The Tort Claims Act provides a discretionary right in the Superior Court to permit the filing of a late notice of claim at any time within one year after the accrual of the claim upon a showing by affidavit of sufficient reasons for the delay, provided the public entity is not substantially prejudiced thereby. N.J.S.A. 59:8-9. Ordinarily a cause of action accrues when the tort is committed and leave to file a late notice of claim must be sought within one year of the date of the accident. Lutz v. Semcer, 126 N.J. Super. 288, 297-298 (Law Div. 1974). Here, however, the damage to plaintiff's ovaries was unknown and undiscoverable until the surgery in January of 1975.
Although our courts have not had occasion to determine when a medical malpractice claim accrues within the meaning of the Tort Claims Act, the meaning of accrual within the context of the Statute of Limitations (N.J.S.A. 2A:14-2) is well established. Lopez v. Swyer, 62 N.J. 267 (1973); Fernandi v. Strully, 35 N.J. 434 (1961). The use of this term by the Legislature in the light of the judicial application of the discovery rule to the same term used in the Statute of Limitations is significant.[1] By the use of this term the Legislature intended that it should have the same meaning and be applied in the same fashion as in the Statute of Limitations. Comment to 59:8-1, Report of the Attorney General's Task Force on Sovereign Immunity, 230 (1972).
Our Tort Claims Act is based upon that of California. Keller v. County of Somerset, 137 N.J. Super. 1, 5-6 (App. Div. 1975). The application of the discovery rule *327 to the time limits for the filing of claims under the Tort Claims Act is consonant with the result in that state. Cal. Government Code, Section 901.
In the instant case the plaintiff did not know and had no reason to know of the x-ray damage to her ovaries or of the existence of a cause of action based thereon until the condition was disclosed upon the removal of the ovaries on or about January 27, 1975. Plaintiff's cause of action against Jersey City Medical Center did not accrue until that time and she still has time to file her claim as provided in N.J.S.A. 59:8-9.
In exercising its discretionary right to permit the filing of such a notice, the court must go through a two-step process: (1) it must determine whether there is sufficient reason for the plaintiff's failure to file within the 90 day period; and (2) it must determine whether the granting of the requested relief will substantially prejudice the public entity.
Here the proofs show that plaintiff's delay has been brought about through her difficulty in finding an attorney who was willing to undertake the litigation. Within the limits of her own nonlegal abilities she exercised reasonable care and diligence. Delay in obtaining legal advice due solely to the understandable reluctance of attorneys to handle a complex and difficult case of questionable value is excusable and understandable. Inability to obtain representation can be as incapacitating as a physical incapability. Cf. Marino v. City of Union City, 136 N.J. Super. 233 (Law Div. 1975). It should not act to bar plaintiff's claim. Cf. Keller v. County of Somerset, supra, 137 N.J. Super. 9.
Turning to the question of prejudice, it is the opinion of the court that the Medical Center has not been substantially prejudiced by the delay in filing of the notice of claim. The facts are well documented. All of the events as to which plaintiff complains took place in the Medical *328 Center while she was a patient. Defendant has within its possession a complete record of the treatment.
Plaintiff's motion for leave to file a late notice of claim is granted.
NOTES
[1] "Where words in a statute have received a judicial construction, the Legislature will be deemed to have used them in a sense that had been thus ascribed to them. [Cases cited.]" River Development Corp. v. Liberty Corp., 45 N.J. Super. 445, 458 (Ch. Div. 1957), aff'd 51 N.J. Super. 447 (App. Div. 1958), aff'd 29 N.J. 239 (1959).