142 N.J. Super. 594 (1976)
362 A.2d 589
IN RE: THE MATTER OF JOHN R. ROY, EXECUTOR OF THE ESTATE OF GOLDEN MARIE ROY, DECEASED, AND JOHN R. ROY, IN HIS OWN RIGHT.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1976.
Decided June 17, 1976.
*596 Before Judges LYNCH, LARNER and HORN.
Mr. Robert G. Harbeson argued the cause for appellant John R. Roy (Messrs. Archer, Greiner & Read, attorneys; Mr. George F. Kugler, of counsel).
Mr. John A. Fratto argued the cause for respondent Township of Mount Laurel (Messrs. Bleakly, Stockwell & Zink, attorneys).
PER CURIAM.
John Roy, as executor of the estate of his wife Golden Marie Roy and in his individual right as her husband, appeals from an order of the Law Division denying his application for leave to file a late claim under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. The claim would have sought damages from the Township of Mt. Laurel as a result of the death of Mrs. Roy, which occurred after she received emergency treatment from members of the Mt. Laurel Police Department and the local Fellowship Rescue Squad.
Mrs. Roy died on June 14, 1974. In July of that year Mr. Roy retained a law firm in connection with his wife's death. Eventually, a decision was made to bring suit under the Tort Claims Act, which provides that a municipality is liable for torts caused by its employees acting within the scope of their employment. N.J.S.A. 59:2-2. However, no action can be brought under the act unless a notice of claim is presented to the municipality involved within 90 *597 days after accrual of the cause of action. N.J.S.A. 59: 8-8. Despite this requirement, it was not until February 1975, eight months after the accident and seven months after counsel was retained, that plaintiff moved for permission to file a late notice of his claim pursuant to N.J.S.A. 59:8-9.[1] That section reads as follows:
59:8-9. Notice of late claim.
A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the superior court, be permitted to file such notice at any time within 1 year after the accrual of his claim provided that the public entity has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion based upon affidavits showing sufficient reasons for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act; provided that in no event may any suit against a public entity arising under this act be filed later than 2 years from the time of the accrual of the claim. [Emphasis supplied.]
With the application to file a late claim, plaintiff's attorney submitted an affidavit stating that for some months after he was contacted by plaintiff he found it extremely difficult to determine in detail the circumstances surrounding Mrs. Roy's death, specifically, which individual or individuals administered the treatment whch allegedly caused the death. The affidavit stated further that the matter had been referred to the Burlington County grand jury in September 1974 and that it "was not until this time and in the months following" that it was determined that it was representatives of the Mt. Laurel Police Department and the Fellowship Rescue Squad who had administered the emergency treatment to Mrs. Roy. The affidavit also stated that prior to, during and following the Grand Jury action, an investigation of the death had been conducted by Mr. Roy's attorneys and investigators in their employ. Finally, the *598 affidavit averred that it was only after receipt of the information concerning who had administered the treatment to Mrs. Roy that the attorney consulted the provisions of the New Jersey Tort Claims Act.
Counsel for Mt. Laurel Township contended that plaintiff had shown no substantial reason for failing to file a timely notice of claim and that plaintiff knew or should have known at the time of the accident that he had a potential claim against the township. Attached to this response was an article from a local newspaper dated July 24, 1974, which discussed Mrs. Roy's death at length and detailed the involvement of the Mt. Laurel police and the rescue squad.
At the argument of plaintiff's application plaintiff's attorney referred the court to the affidavit filed by his firm and asserted that plaintiff's position was that late filing should be permitted unless the municipality could demonstrate prejudice. The trial judge disagreed, holding that plaintiff had not shown "sufficient reasons" for his failure to file within 90 days as required by N.J.S.A. 59:8-9.
Plaintiff moved for reargument and filed an additional affidavit from John Cornely, a private investigator, who stated that in July 1974 he spoke to Major Howard Graff, Mt. Laurel's director of public safety. Cornely related that he had told Graff that he was employed by the law firm which represented Mr. Roy and that he wished to discuss Mrs. Roy's death. Major Graff replied that the matter was under investigation by the prosecutor and that he would neither discuss it nor provide any records. Plaintiff's brief on the motion for reargument stated: "The failure to file a formal claim arose out of inadvertence, possible mistake of law, and counsel's determination that his investigation was not yet complete."
The motion for reargument was heard on May 16, 1975. The trial judge held that plaintiff knew at all times that the public entities that were involved in the events surrounding Mrs. Roy's death were the "Emergency Squad and the Municipal Agencies." The judge also stated that *599 nothing had been filed that "demonstrates late information * * * that was critical to the filing." He again ruled that plaintiff had not shown sufficient reasons for filing a late claim and entered an order reaffirming his earlier decision.
Plaintiff argues on appeal that he is under no obligation to demonstrate reasons for filing outside the statutory limit. He contends that the only relevant consideration is whether the township will be prejudiced by the late filing.
We disagree. While it is true that the Tort Claims Act states that an individual who has failed to file his claim within 90 days after accrual of his cause of action may be permitted to file a late claim within one year thereafter "provided that the public entity has not been prejudiced thereby," the statute clearly requires that such an application must be based on affidavits showing "sufficient reasons" for failing to file the claim within time. N.J.S.A. 59:8-9; Keller v. Somerset, 137 N.J. Super. 1, 5 (App. Div. 1975). To hold that such reasons need not be demonstrated would constitute judicial amendment of the statute. This we decline to do. Moreover, since the power to grant permission to file a late claim is specifically placed within the discretion of a judge of the Superior Court, an appellate court will not reverse that decision unless the judge abused his discretion. Keller, supra, 137 N.J. Super. at 5-7. We cannot say that an abuse occurred here.
Plaintiff argues that if he must show a reason for failing to file his claim on time, the difficulty which he had in obtaining information about Mrs. Roy's death due to the grand jury inquiry suffices. The affidavits in this regard are unconvincing. The only specific information that the affidavits suggested was unobtainable was the names of the persons who administered the first aid.[2] Under the Tort Claims Act this information was not needed in order to file *600 a claim. N.J.S.A. 59:8-4. The most that plaintiff needed to know was that employees of Mt. Laurel had been involved in the actions that might have caused his wife's death. We agree with the trial judge that the necessary information must have been known to plaintiff at the time of his wife's death or soon thereafter.
The situation here stands in sharp contrast to Keller, supra. In that case plaintiff's son died when his car went off the road and hit a tree. About four months after the accident plaintiff consulted an attorney, and two months after that a superior court judge granted permission to file a late notice of claim against the county and township where the accident had occurred. This court affirmed the trial judge's decision on the ground that the trial judge's discretion should be respected and that plaintiff's delay was excusable since it was reasonable to believe that she was unaware that her son's death was causally related to actions of the public entities. Keller further noted that the Tort Claims Act had been effective for only one year and that it was understandable that plaintiff, as a lay person, would not know either that the act gave her the right to sue the public entities involved or that it required her to file a notice of her claim. Keller, supra, 137 N.J. Super. at 7, 9, 11-12. The basic holding of Keller was that there was no abuse of discretion in the trial judge's permitting a late filing under the circumstances of that case.
The finding by the trial judge herein was that plaintiff was aware soon after the incident of the manner in which his wife's injuries came about and by whom they were caused. Within one month of his wife's death, plaintiff retained an attorney who conducted an investigation. On July 24, 1974 the local newspaper published the detailed account which we have described and which reported the involvement of the police and the first aid squad in causing Mrs. Roy's injuries. Plaintiff was chargeable with knowledge of the facts and of the statute at least by that time. Cf. Keller, supra, 137 N.J. Super. at 12. Yet, it was not until seven months *601 later, in February 1975, that plaintiff finally moved for permission to file a late notice of claim. Since plaintiff had retained an attorney and knew he had a possible cause of action, we hold that he has failed to show a sufficient reason for not filing his claim within the statutory time limit. See Lutz v. Semcer, 126 N.J. Super. 288 (Law Div. 1974).
Plaintiff also contends that the conversation between investigator Cornely and Major Graff constituted substantial compliance with the notice provisions of the Tort Claims Act. This argument is without merit.
The order denying plaintiff permission to file a late claim is affirmed.
NOTES
[1] The provisions of the Tort Claims Act relevant to this action became effective on July 1, 1972. N.J.S.A. 59:14-4(a).
[2] We note that the newspaper article of July 24, 1974 named one police officer who had participated in the treatment of Mrs. Roy.