219 N.J. Super. 446 (1987)
530 A.2d 803
BERNARD LAMB, ET AL., PLAINTIFFS-RESPONDENTS,
v.
GLOBAL LANDFILL RECLAIMING, ET AL., DEFENDANTS-RESPONDENTS, AND STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 12, 1987.
Decided June 3, 1987.
*447 Before Judges ANTELL, BRODY and LONG.
Dennis A. Estis argued the cause for appellants Borough of Roselle Park, et als. (Greenbaum, Rowe, Smith, Ravin, Davis & Bergstein, attorneys, Dennis A. Estis of counsel and on the brief).
Scott E. Rekant, Deputy Atty. Gen., argued the cause for appellant State (W. Cary Edwards, Attorney General, attorney (Michael R. Clancy, Deputy Attorney General, of counsel and Scott E. Rekant on the brief).
Jerome J. Convery, argued the cause for appellant Township of Old Bridge (Jerome J. Convery, attorney, Jerome J. Convery and Louis N. Rainone, on the brief).
Karcher, McDonnell & Rainone, submitted a brief for appellant Borough of Sayreville (Alan J. Karcher, of counsel and Louis N. Rainone, on the brief).
Thomas F. Chansky, argued the cause for respondents (Lynch, Martin & Philibosian, attorneys, Thomas F. Chansky, of counsel and John G. Cito, on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
Defendant-appellants, consisting of certain governmental entities including the State of New Jersey, appeal from an order dated November 7, 1986 allowing plaintiffs to file a late notice of tort claim under N.J.S.A. 59:8-9. Plaintiffs are 386 individuals who seek damages for personal injury allegedly caused by toxic contamination resulting from the operation of a landfill in *448 Middlesex County. Their motion for relief was filed in the Law Division October 14, 1986.
The landfill in question has apparently been operated since March 1968, and around January 1981 it was publicly reported that it was being used for the disposal of hazardous wastes. During succeeding years noxious fumes were discharged from the landfill. In March 1986 residents in the area requested the law firm of Lynch, Martin and Philibosian to investigate and determine whether there was a relationship between conditions at the landfill and certain physical ailments and disorders the residents were experiencing. On May 12 and 13, 1986, soil and water samples were collected for analysis at the direction of the attorneys and it was thereafter determined, according to the attorneys' supporting affidavits, that "various toxic wastes, pollutants, and other dangerous substances were present in the area."
N.J.S.A. 59:8-8 requires that a claim notice be presented to the public entity as a condition to suit "not later than the ninetieth day after accrual of the cause of action."
The purpose of the claims notification requirement in this Chapter is two-fold: (a) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (b) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense. [N.J.S.A. 59:8-3, Comment].
These purposes have been given judicial recognition. S.E.W. Friel Co. v. N.J. Tpk. Auth., 73 N.J. 107, 118 (1977); Keller v. County of Somerset, 137 N.J. Super. 1, 12 (App.Div. 1975); Marino v. City of Union City, 136 N.J. Super. 233, 235-236 (Law Div. 1975); Reale v. Tp. of Wayne, 132 N.J. Super. 100, 109 (Law Div. 1975).
Except as provided in N.J.S.A. 59:8-9, where notice has not been given within the 90 days the claim is "forever barred." N.J.S.A. 59:8-9 provides:
A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the superior court, be permitted to file such notice at any time within 1 year after the accrual of his *449 claim provided that the public entity has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion based upon affidavits showing sufficient reasons for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act; provided that in no event may any suit against a public entity arising under this act be filed later than 2 years from the time of the accrual of the claim.
The foregoing statute specifically provides that an application for permission to file a late notice of claim shall be based upon affidavits showing "sufficient reasons" for failure to file within 90 days. Plaintiffs' motion was supported only by two identical affidavits of their attorneys. In addition to the information concerning the landfill already set forth, the affidavits state that "[t]he plaintiffs' injuries consist of,
deformities, cardiac defects, seizures, pulmonary defects, retardation, partial paralysis, tumors, bodily organ disorders, bodily function disorders, cancer, blindness, sterility, stomach disorders, kidney disorders, gall bladder disorders, chromosome damages, rashes and skin disorders, headaches, psychological disorders, mental and emotional trauma, impairments of general health and well being and fear or anxiety of incurring all of the above, plus increased medical costs, past, present and future, together with whatever medical problems may be revealed in the course of investigation."
They add that after receiving the results of the soil analysis in June 1986 the attorneys had "several town meetings with the plaintiffs discussing the findings of the report." The only purported statement of "sufficient reasons" for plaintiffs' failure to give notice within 90 days after accrual of their cause of action is set forth in the following language:
Plaintiffs were unable to comply with the notice of claims requirement within the ninety (90) day period because of the severity of their injuries and inability to investigate the circumstances surrounding the complained of occurrence.
Cases in which sufficient reasons for noncompliance with the notice requirement have been found are notable for the detailed information supplied concerning the injured party's inability to act within the 90 days. In Kleinke v. City of Ocean City, 147 N.J. Super. 575 (App.Div. 1977), plaintiff suffered a fractured leg in an accident on July 8. An Illinois resident, he returned to Chicago for consultation where he was placed in a body cast, developed a pulmonary embolism and was confined to a hospital until September. While recuperating at home he communicated *450 with a Chicago attorney who forwarded the matter to New Jersey counsel. After several inquiries by the Chicago attorney, the New Jersey attorney declined to handle the matter and the case was then forwarded on January 9 to another attorney who promptly moved for relief from the statute.
Taking note of "the severe nature of the injury, plaintiff's understandable desire to return home for medical treatment, his confinement to a hospital for two months, the incapacitating complication of an embolism ..., his bona fide effort to obtain legal advice ... within a reasonable time, the delay caused by the inaction of a New Jersey attorney ...," we concluded that sufficient reasons had been shown. In S.E.W. Friel Co. v. N.J. Tpk. Auth., supra, 73 N.J. 107, plaintiff, a Maryland resident, was in critical medical condition for six weeks and was totally incapacitated for longer than the 90 day period. Also see Marino v. Union City, supra, 136 N.J. Super. 233, where plaintiff's injuries left him a quadriplegic almost continuously confined to hospitals in New York, and Wade v. N.J.Tpk.Auth., 132 N.J. Super. 92 (Law Div. 1975), where plaintiff, a Maine resident, was confined to a hospital in that State for five months.
By way of contrast, in In re: Matter of Roy, 142 N.J. Super. 594 (App.Div. 1976), certif. den., 71 N.J. 504 (1976), leave to file a late notice of claim was denied where it was shown only that plaintiff's attorney, who had been retained within a month after the cause of action accrued, explained that he had failed to act earlier because of difficulties he encountered in determining where responsibility lay for the death of plaintiff's decedent. In Lutz v. Township of Gloucester, 153 N.J. Super. 461 (App. Div. 1977), late filing was denied where plaintiff conferred with her Philadelphia attorney shortly after the accident but permitted five months to pass before returning the retainer agreement. We observed therein that a contrary holding "would sanction the emasculation of the express legislative fiat that a claim be filed within 90 days of the accrual of the cause of action." Id. at 466. We added that relaxation of the 90 day *451 requirement is permitted only "upon a showing of reasons which may be deemed sufficient on judicial scrutiny...." Ibid. Also see Keller v. Somerset Cty., supra, 137 N.J. Super. 1; Lutz v. Semcer, 126 N.J. Super. 288 (Law Div. 1974).
Reasons have not been here shown sufficient to relax the statutory requirement of 90 days notice to the public entities. Merely to state that plaintiffs could not comply with the requirement "because of the severity of their injuries and inability to investigate the circumstances surrounding the complained of occurrence" does not provide a factual basis from which a court may reach its own independent determination as to whether the reasons for late filing were actually excusable under judicial standards. Although the supporting affidavits broadly enumerate the illnesses and disorders suffered by plaintiffs as a group, no attempt is made to specify which plaintiffs suffer from what illnesses, to describe the extent of disability sustained or to explain how the illnesses interfered with the giving of timely notice by each plaintiff. The fact that the plaintiffs are suing en masse does not obviate the necessity of an explanation from each for noncompliance with the 90 day notice requirement.
Plaintiffs first made contact with their attorneys in March 1986 and after receiving the report of the soil analysis in June 1986 the lawyers arranged several town meetings at which, as they state in their brief, they "discussed with the residents the findings of these reports." Although the affidavits of the attorneys are sparse on details, it is clear that by June plaintiffs should reasonably have known of the facts forming the basis of their cause of action. See Lopez v. Swyer, 62 N.J. 267, 274-275 (1973); Servis v. State, 211 N.J. Super. 509, 514 (Law Div. 1986); Kenney v. Scientific, Inc., 204 N.J. Super. 228, 245 (Law Div. 1985); Torres v. Jersey City Medical Center, 140 N.J. Super. 323, 326 (Law Div. 1976). Their motion for late filing was not filed until October 14, 1986.
*452 Plaintiffs' application is deficient in still another vital respect. R. 1:6-6 requires that supporting affidavits be "made on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify...." PRESSLER, Current N.J. COURT RULES, Comment R. 1:6-6 (1987) observes that "affidavits by attorneys of facts related to them by and within the primary knowledge of their clients constitute, in effect, objectionable hearsay." See Murray v. Allstate Ins. Co., 209 N.J. Super. 163, 169 (App.Div. 1986). The affidavits submitted by plaintiffs herein clearly do not meet the requirements of the Rule.
Reversed.