P. T. & L. CONSTRUCTION CO., INC., A CORPORATION OF
THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v. COMMISSIONER, DEPARTMENT OF TRANSPORTA-
TION, STATE OF NEW JERSEY, DEFENDANT-RE-
SPONDENT.

Argued January 12, 1971—Decided February 8, 1971.

*Mr. Theodore W. Geiser* argued the cause for appellant (*Messrs. Hughes, McElroy, Connell, Foley and Geiser,* attorneys).

*Mr. Stephen Skillman,* Assistant Attorney General, argued the cause for respondent Commissioner, Department of Transportation (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Mr. Alfred L. Nardelli,* on the brief).

PER CURIAM. Plaintiff sued to recover money withheld by the state for damages caused by its alleged delay in the completion of a job under contract with the state. Before trial, the court dismissed the complaint on the state's defense of sovereign immunity. We certified plaintiff's appeal before argument in the Appellate Division. This Court reversed, 55 *N. J.* 341 (1970), holding that a state may be sued on a contract even though satisfaction of a favorable judgment depends wholly upon the willingness of the legislature to accept the judgment and to provide for payment. The case was then remanded for a trial on the merits.

After remand and prior to trial, the legislature enacted *L.* 1970, *c.* 98 which reads:

> 1. Except for actions founded upon the constitution of this State or the United States or an express provision of the statutory laws of this State, no action shall be instituted or continued against the State or any department or other agency thereof for the recovery of money damages, whether based on contract or tort, where the cause of action accrues prior to July 1, 1971.

The Attorney General moved before the trial court for a judgment of dismissal on the strength of the above described act. The court granted the Attorney General's motion and dismissed plaintiff's action.

After argument here, the Attorney General, who had prepared the said statute, advised by letter that the legislative purpose of the act was:

It was not our intention in proposing this legislation, however, to preclude a party such as P, T & L from bringing a claim against the state. In fact, it was specifically contemplated that from June 15, 1970 through July 1, 1971 such a claim would be brought before the Subcommittee on Claims. P.L. 98 was designed, in short, to be interim legislation to give both the executive and legislative branches of government the opportunity to study the problems resulting from the *P, T & L* and *Willis* decisions *without* any prejudice to parties who might, during the intervening period, continue to bring their claims before the Subcommittee on Claims.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

As things now stand, therefore, P, T & L may obtain a final determination on the merits of its claim as soon as the Subcommittee on Claims revamps its procedures in the manner requested by the Governor. Alternatively, the legislature, in the enactment of legislation dealing with claims against the state, could provide that contested claims theretofore filed with the Subcommittee on Claims would be heard through whatever procedural mechanism it might provide for future claims against the state.

In view of the foregoing concession, we construe *L.* 1970, *c.* 98 as interim legislation providing for the above quoted purposes and with the above quoted effect and with no purpose to repudiate the state's contractual liability. Accordingly, we see no constitutional problem.

We, therefore, affirm without prejudice, however, to such further judicial proceedings by plaintiff as may become appropriate as a result of legislative action or inaction before July 1, 1971. To that end the right is reserved to plaintiff to revive this action before that date if legislative action authorizes that course and after that date if no further legislation stands in the way.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.