151 N.J. Super. 520 (1977)
377 A.2d 700
HARRY P. FAIR AND MARTIN H. RABINOWITZ, M.D., PLAINTIFFS-APPELLANTS,
v.
COUNTY OF BERGEN AND STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 14, 1977.
Decided July 13, 1977.
*521 Before Judges LYNCH, MILMED and ANTELL.
Messrs. Hartstein & Lowen, attorneys for appellants (Mr. Lawrence T. Lowen on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondents (Ms. Erminie L. Conley, Deputy Attorney General, of counsel; Mr. Thomas F. Marshall, Deputy Attorney General, on the brief).
Dean Lynch, Assistant County Counsel, filed a statement in lieu of brief on behalf of respondent, County of Bergen (Vincent P. Rigolosi, Bergen County Counsel, attorney).
PER CURIAM.
Plaintiffs herein brought an action against one Fred Butler in the Superior Court. At the close of the trial the court attendant mistakenly delivered into the jury room, together with the documentary exhibits received in evidence, the pretrial order and a copy of defendant's brief. Following discovery of this error the verdict which that jury returned on the complaint and the counterclaim in favor of Butler and against plaintiffs was vacated and a mistrial declared. Plaintiff thereupon brought this action against the county in which the trial was held and the State of New Jersey seeking recovery of damages allegedly resulting from the "inadvertent delivery" by the court attendant of the *522 harmful papers. This appeal by plaintiffs follows from two separate orders for summary judgment entered by the court below in favor of defendants on considerations of immunity.
The following provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., are pertinent:

N.J.S.A. 59:2-1. Immunity of Public Entity Generally

a. Except as otherwise provided by this act, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.
b. Any liability of a public entity established by this act is subject to any immunity of the public entity and is subject to any defenses that would be available to the public entity if it were a private person.

N.J.S.A. 59:2-2. Liability of Public Entity
a. A public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances.
b. A public entity is not liable for an injury resulting from an act or omission of a public employee where the public employee is not liable.

N.J.S.A. 59:2-3. Discretionary Activities
a. A public entity is not liable for an injury resulting from the exercise of judgment or discretion vested in the entity;
b. A public entity is not liable for legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature;
c. A public entity is not liable for the exercise of discretion in determining whether or to seek or whether to provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services;
d. A public entity is not liable for the exercise of discretion when, in the face of competing demands, it determines whether and how to utilize or apply existing resources, including those allocated for equipment, facilities and personnel unless a court concludes that the determination of the public entity was palpably unreasonable. Nothing in this section shall exonerate a public entity for negligence arising out of acts or omissions of its employees in carrying out their ministerial functions.
As we said of these enactments in English v. Newark Housing Auth., 138 N.J. Super. 425, 428-429 (App. Div. 1976), "the basic legislative premise is to re-establish immunity for all governmental bodies within its definition of *523 `public entity.' Immunity is all-inclusive within that definition except as otherwise provided by the act." In the comment accompanying N.J.S.A. 59:2-1 the thought is expressed that under this enactment the judicial approach should be "whether an immunity applies and if not, should liability attach" (emphasis in original). This was said to mark a departure from that taken by our Supreme Court in B.W. King, Inc. v. West New York, 49 N.J. 318, 325 (1967), "asking whether there is any reason why it [immunity] should apply." It was hopefully contemplated that "in utilizing this approach the courts will exercise restraint in the acceptance of novel causes of action against public entities." The comment closes with the following paragraph:
Subsection (b) is intended to insure that any immunity provisions provided in the act or by common law will prevail over the liability provisions. It is anticipated that the Courts will realistically interpret both the statutory and common law immunities in order to effectuate their intended scope.
Plaintiffs contend that reading together N.J.S.A. 59:2-2(a) and N.J.S.A. 59:2-3(a) and (d), the conduct of the court attendant, being ministerial in nature, forms the basis of governmental liability. We disagree.
The duty of the court attendant went no further than to carry papers from one room to another. It lay beyond his competence to separate those papers which had qualified for the jury's inspection from those which had not. Thus, he served merely as the court's appendage in the physical execution of its powers. His conduct, therefore, is encompassed by the provision granting immunity to public bodies under N.J.S.A. 59:2-3(b).
We observe that the responsibility for insuring that only evidential material is delivered to the jury does not rest solely with the trial judge. The necessary safeguards are to be found in the adversary process in which counsel, as officers of the court, play a part and are expected to meet their unmistakable obligations.
Affirmed.