**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4543-17T1
                 A-4955-17T1

WILLIAM and CAROLYN
MCFEELEY, husband and wife,

      Plaintiffs-Appellants,

v.

SUNNY KAR, D.O.,

      Defendant-Respondent,

and

BLESSIE PAGDILAO, R.N.,
JAMES FOREMAN, R.N., and
KENNEDY UNIVERSITY
HOSPITAL, INC.,

      Defendants.

_____

Argued November 27, 2018 – Decided January 18, 2019

Before Judges Gilson and Natali.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3101-17.

Pamela A. Brown-Jones argued the cause for appellants (Weiss & Paarz, PC, attorneys; Robert E. Paarz, of counsel; Pamela A. Brown-Jones, on the briefs).

Michael J. Lunga argued the cause for respondent.

PER CURIAM

These consolidated appeals arise out of a medical malpractice claim and present questions concerning proper notice under the New Jersey Tort Claims Act (Act), N.J.S.A. 59:1-1 to 12-3. Plaintiffs William and Carolyn McFeeley appeal from an April 27, 2018 order denying their motion to file a late notice of tort claim against Rowan University and Sunny Kar, D.O., who was a surgical resident at the Rowan School of Osteopathic Medicine. On leave granted, plaintiffs also appeal from a second order entered on April 27, 2018, that dismissed their complaint against Dr. Kar and denied their motion to add the State of New Jersey as a defendant. Finally, plaintiffs appeal, on leave granted, from a May 24, 2018 order denying reconsideration of the orders entered on April 27, 2018.

Having reviewed the record and law, we affirm. The notice plaintiffs submitted was not effective under the Act. That notice was also not in substantial compliance with the notice requirements of the Act. Moreover, the trial court did not abuse its discretion in not permitting a late notice of tort claim.

Finally, the trial court did not err in denying plaintiffs' motion to amend their complaint to name the State of New Jersey as a defendant.

I.

We take the facts from the record developed on the motions. On March 28, 2016, plaintiff William McFeeley was admitted to Kennedy University Hospital – Stratford (Kennedy Hospital) for gastric sleeve surgery. At that time, William was fifty-two years old. Following the surgery, on March 29, 2016, William suffered a heart attack.

Plaintiffs contend that the on-call surgical resident and nurses who treated William on March 29, 2016, were negligent because they failed to timely diagnose and treat the heart attack. Plaintiffs also assert that as a result of the delayed treatment, William sustained permanent damage to his heart.

On March 29, 2016, defendant Sunny Kar, D.O., was the on-call surgical resident at Kennedy Hospital. He acknowledges providing medical care to William on March 29, 2016. Dr. Kar did not work for Kennedy Hospital. Instead, in March 2016, Dr. Kar was a resident at the Rowan School of Osteopathic Medicine and was employed by Rowan University.

On May 19, 2016, plaintiffs' prior attorney sent a notice of tort claim to (1) the New Jersey Acting Attorney General; (2) "Kennedy Health System"; and

(3) "Rutgers, the State University of New Jersey, f/k/a UMDNJ/University of Medicine and Dentistry of New Jersey." That notice provided a general description of William's heart attack and alleged injuries and stated that the negligence took place at "Kennedy Health System-Stratford/University Medical Center."

The notice did not identify Rowan University. Instead, in response to the question that asks for the name of the public entity or entities that allegedly caused the damage, the notice stated: "Unknown at this time, including but not limited to Kennedy Health System/University Medical Center and/or Rutgers, the State University of New Jersey, f/k/a UMDNJ/University of Medicine and Dentistry of New Jersey, and/or any other state agency which selected, supervised and/or insured the above-named individuals." The notice also did not name Dr. Kar. Rather, in response to the question that asked for the identity of the public employees who were allegedly at fault, the notice stated: "Nurse Blessie (last name unknown) and others to be named after receipt of records[,] any and all other physicians, nurses, and/or other healthcare providers identified in the records but whose names are illegible."

The cover letter that accompanied the notice of tort claim asked the recipients to deliver a copy of the notice to any medical providers who are public

employees or entitled to notice under the Act. The cover letter also asked the recipients to communicate with plaintiffs' attorney if "any additional information is required or if any specific claim form needs to [be] completed[.]" Plaintiffs represent that they and their prior lawyer did not receive any response to the notice of claim or cover letter.

In June 2017, plaintiffs retained new attorneys. Plaintiffs' new attorneys filed a complaint on August 8, 2017. The complaint named as defendants Dr. Kar, Nurse Blessie Pagdilao, and Kennedy Hospital. The complaint also named "John/Jane Doe[s]," who were unknown physicians, employers, and medical providers.

On November 14, 2017, Dr. Kar filed an answer. In his answer, Dr. Kar stated that he was an employee of Rowan University and, as an affirmative defense, he asserted that plaintiffs had failed to comply with the notice provisions of the Act. Three months later, on February 26, 2018, Dr. Kar filed a motion to dismiss plaintiffs' complaint against him for failure to serve a tort claim notice as required by the Act.

Plaintiffs opposed that motion and cross-moved to file a late tort claim notice and to amend their complaint to name the State of New Jersey as a defendant. The trial court heard oral arguments on those motions on April 27,

2018. That same day, the court entered orders (1) granting Dr. Kar's motion to dismiss the claims against him, (2) denying plaintiffs' motion to file a late tort claim notice against Dr. Kar and Rowan University, and (3) denying plaintiffs' motion to name the State of New Jersey as a defendant.

The court explained its rulings on the record. With regard to the motion to dismiss, the court held that the tort claim notice sent on May 19, 2016, was not in compliance with the Act because it failed to identify Rowan University. The court then reasoned that plaintiffs had not shown extraordinary circumstances and, therefore, were not entitled to file a late notice. Finally, the court ruled that plaintiffs would not be allowed to amend their complaint to name the State as a defendant because such an amendment would be an impermissible "end run" around the notice required by the Act.

Plaintiffs filed for reconsideration. The court denied that motion in an order entered on May 24, 2018, and explained the reasons for that denial on the record.

Plaintiffs appeal as of right from the order denying their motion to file a late tort claim notice. See Rule 2:2-3(a). We granted leave for plaintiffs to also appeal the orders dismissing the complaint against Dr. Kar, denying their motion

6                                                                    A-4543-17T1

to add the State as a defendant, and denying their motion for reconsideration. We then consolidated the two appeals.

II.

On appeal, plaintiffs make four arguments, contending (1) the notice they sent on May 19, 2016 was in compliance with the Act and was effective against Rowan University and Dr. Kar; (2) alternatively, the notice was substantially compliant with the Act; (3) they should be permitted to file a late tort claim notice; and (4) they should be permitted to amend their complaint to name the State as a defendant. Given the requirements and limitations of the Act, we reject these arguments.

We begin our analysis with an overview of the Act. The Act governs tort claims against public entities and public employees. Rogers v. Cape May Cty. Office of the Pub. Def., 208 N.J. 414, 420 (2011). "'Public entity' includes the State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body in the State." N.J.S.A. 59:1-3. A "public employee" is "an employee of a public entity[.]" Ibid.

The Act "is the statutory mechanism through which our Legislature effected a waiver of sovereign immunity." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 133 (2013). "The guiding principle of the [Act] is that

'immunity from tort liability is the general rule and liability is the exception[.]'" Coyne v. State, Dep't of Transp., 182 N.J. 481, 488 (2005) (quoting Garrison v. Twp. of Middletown, 154 N.J. 282, 286 (1998)).

The Act "establishes the procedures by which claims may be brought[.]" Beauchamp v. Amedio, 164 N.J. 111, 116 (2000). One of the procedures the Act imposes on a party seeking to bring a tort claim is a requirement to file a notice of tort claim. D.D., 213 N.J. at 134; see also N.J.S.A. 59:8-1 to -11. The notice has a number of required components including (1) when it has to be filed, N.J.S.A. 59:8-8; (2) what information it must contain, N.J.S.A. 59:8-4; and (3) where it has to be filed, N.J.S.A. 59:8-7.

With regard to timing, the notice must be filed within ninety days of the claim's accrual. N.J.S.A. 59:8-8. In "extraordinary circumstances," the Act allows a late filing of a notice of claim. N.J.S.A. 59:8-9. In that regard, the Act provides:

> A claimant who fails to file notice of his [or her] claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his [or her] claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing

> sufficient reasons constituting extraordinary circumstances for his [or her] failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.
>
> [Ibid.]

The contents of a proper notice of claim are governed by N.J.S.A. 59:8-4. Among other information, the notice must include "[t]he name or names of the public entity, employee or employees causing the injury, damage or loss, if known[.]" N.J.S.A. 59:8-4(e). Our Supreme Court has construed that requirement to mean that "[t]he notice must include the name of the public entity, and the name of the employee or employees causing the injury, if known." Velez v. City of Jersey City, 180 N.J. 284, 290 (2004) (citing N.J.S.A. 59:8-4(e)). Thus, while a public employee need not always be identified in the notice, a public entity must be identified. See In re Roy, 142 N.J. Super. 594, 599-600 (App. Div. 1976) (explaining that the notice of tort claim did not require the names of specific public employees, but required that the claimant list which public entity employed the individuals involved in the accident).

The Act also mandates where notices are to be presented. N.J.S.A. 59:8-7. For claims against the State, the notice "shall be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission." Ibid. For claims against a local public entity, the notice "shall be filed with that entity." Ibid.

Guided by this general overview of the Act, we evaluate each of plaintiffs' four arguments. We begin with the motion to dismiss and review that order de novo. See Gomes v. Cty. of Monmouth, 444 N.J. Super. 479, 486 (App. Div. 2016). A court dismissing a civil complaint with prejudice "must 'search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Ibid. (alteration in original) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "Nevertheless, a purely legal question of whether a defendant is insulated from liability because of an immunity or some other statutory provision ideally should be resolved, if possible, at an early stage of the litigation." Ibid.; see also Rivera v. Gerner, 89 N.J. 526, 536 (1982) (noting that resolving issues involving the Act through the pretrial process "is to be encouraged").

A-4543-17T1

A.	The May 19, 2016 Notice

Plaintiffs contend that their May 19, 2016 notice was in compliance with the Act and effective because it was filed with the Attorney General and Rowan University is a state agency.  Rowan University, however, is not a state agency.

Rowan University was established by the Legislature as "a body corporate and politic."  N.J.S.A. 18A:64M-4.  The Legislature declared that as a university, "[Rowan University] shall be given a high degree of self-government and that the governance and conduct of the university shall be free of partisanship."  N.J.S.A. 18A:64M-5.  Accordingly, the board of trustees of Rowan University was given specific powers, including the power to "[s]ue and be sued in its own name."  N.J.S.A. 18A:64M-9(y).

The university also has the right to retain independent legal counsel, including representation by the Attorney General.  N.J.S.A.  18A:64M-9(z). With regard to tort claims, Rowan University, like other New Jersey public institutions of higher education, had to choose to retain its own legal counsel or elect to be represented by the Attorney General.  Ibid.; N.J.S.A. 18A:3B-6(h). Moreover, Rowan University also had to choose whether to elect representation by the Attorney General on medical malpractice claims incurred at the School of Osteopathic Medicine.  N.J.S.A. 18A:64M-33.  As to both tort and medical

11

malpractice claims, Rowan University elected to be represented by the Attorney General.  See Rowan Univ. Office of Risk Mgmt. & Ins., Professional Liability Program of Self-Insurance, Rowan University School of Osteopathic Medicine (July 2014), https://sites.rowan.edu/rmi/_docs/_prof-liability/SOMProfessionalLiabilityBooklet.pdf; see also General Liability, Rowan University, https://sites.rowan.edu/rmi/general.html (last visited Jan. 2, 2018).

In short, Rowan University is a public entity and not a state agency.  See English v. Newark Hous. Auth., 138 N.J. Super. 425, 429-30 (App. Div. 1976) (describing a "public entity" as an entity that possesses sovereignty parceled to it from the State, and is to that degree independent of the State, as opposed to an administrative part, such as a state agency, which merely shares in the State's sovereignty); see also N.J.S.A. 59:1-3 (limiting the definition of State to preclude any "entity which is statutorily authorized to sue and be sued").  While Rowan University has elected to be represented by the Attorney General for tort and medical malpractice claims, that does not change its status as a public entity.

Accordingly, the issue here is whether the notice of tort claim filed with the Attorney General was effective against Rowan University and its employee, Dr. Kar.  We hold that the failure to name Rowan University in the notice made

12

the notice ineffective under the Act. As already noted, the Act requires the notice to include the name of the public entity. N.J.S.A. 59:8-4(e). Our Supreme Court has explained that the Act's requirements are to be strictly construed, McDade v. Siazon, 208 N.J. 463, 474 (2011), and with regard to the contents of the notice, the public entity must be identified. See Velez, 180 N.J. at 290. The Court has also explained the purposes of the notice requirements, which are:

> (1) "to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit"; (2) "to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense[]"; (3) "to afford the public entity a chance to correct the conditions or practices which gave rise to the claim"; and (4) to inform the State "in advance as to the indebtedness or liability that it may be expected to meet."
>
> [Beauchamp, 164 N.J. at 121-22 (citations omitted) (first quoting Margolis & Novack, 1972 Task Force Comment to N.J.S.A. 59:8-3; then quoting Fuller v. Rutgers, State Univ., 154 N.J. Super. 420, 426 (App. Div. 1977)).]

Sending the Attorney General a notice that does not identify the specific public entity does not allow the Attorney General to identify what entity is allegedly at fault. Moreover, such a notice does not allow the public entity to review, adequately investigate, and potentially correct or settle the claim before a suit is brought. See Velez, 180 N.J. at 290; Beauchamp, 164 N.J. at 121-22.

13

Consequently, we affirm the trial court's order dismissing plaintiffs' claims against Dr. Kar for failure to comply with the notice requirements of the Act.

Plaintiffs argue that requiring the identity of the public entity in the notice would be a new rule, which should not be applied to them. We disagree. Since its enactment, the Act has required a notice to identify the public entity. N.J.S.A. 59:8-4(e); see also Velez, 180 N.J. at 290.

B.     Substantial Compliance

Next, and in the alternative, plaintiffs argue that if their May 19, 2016 notice was defective, it was nonetheless substantially compliant. We disagree.

Substantial compliance, when applied to tort claims, "has been limited carefully to those situations in which the notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute." D.D., 213 N.J. at 159. The failure to identify Rowan University as the public entity was not a technical deficiency. Without identifying Rowan University, the university was deprived of the effective notice contemplated by the Act.

Plaintiffs argue that because Rowan University had elected to be represented by the Attorney General for medical malpractice and tort claims, its notice sent to the Attorney General substantially complied with the Act.

Compliance with the provisions providing where notice must be filed, N.J.S.A. 59:8-7, cannot be bootstrapped into substantial compliance with the provisions providing what information the notice must possess, N.J.S.A. 59:8-4(e). That point is illustrated here because the Attorney General represents numerous state agencies and public entities. If compliance with N.J.S.A. 59:8-7 was sufficient to fulfill the requirement of N.J.S.A. 59:8-4(e), than N.J.S.A. 59:8-4(e) would be rendered superfluous. As a condition of waiving sovereign immunity, the Act requires a claimant to identify the public entity that is allegedly at fault. N.J.S.A. 59:8-4(e); see also Velez, 180 N.J. at 290. Consequently, the notice sent on behalf of plaintiffs did not substantially comply with that statutory requirement.

C.    A Late Notice of Claim

Plaintiffs also argue that the trial court erred in denying their motion to file a late notice of claim under the Act. We review such an order for an abuse of discretion. McDade, 208 N.J. at 476-77 (citing Lamb v. Glob. Landfill Reclaiming, 111 N.J. 134, 146 (1988)). "Although deference will ordinarily be given to the factual findings that undergird the trial court's decision, the court's conclusions will be overturned if they were reached under a misconception of the law." D.D., 213 N.J. at 147 (citing McDade, 208 N.J. at 473-74).

In support of their motion to file a late notice, plaintiffs submitted a certification from William McFeeley.  In that certification, William states that he had no interactions with Dr. Sunny Kar during or after his surgery on March 29, 2016, and had no recollection of ever meeting Dr. Kar.  William also represents that he does not recall anyone notifying him that Dr. Kar was a medical resident from Rowan University.  We discern no abuse of discretion in the trial court's determination that such contentions do not constitute extraordinary circumstances allowing a late notice under the Act.

Here, there was no showing that a review of William's medical records at Kennedy Hospital would not have disclosed that Dr. Kar provided care to William on March 29, 2016.  In D.D., our Supreme Court held that an attorney's failure to file a timely tort claim notice did not amount to an extraordinary circumstance.  213 N.J. at 158.  The plaintiff in D.D. claimed that she did not know that she needed to file a tort claim notice and that she was suffering from increased stress and anxiety due to the defendants' negligence.  Id. at 137-38. Nevertheless, the Court held that such inattention cannot serve to "vault the statutory threshold." Id. at 157.  Indeed, the Court explained that "sympathy for a particular plaintiff" cannot "obscure" the commandment in the Act "that relief be granted only in circumstances that are extraordinary."  Id. at 158.

D.    The Amendment

Finally, plaintiffs argue that they should have been allowed to amend their complaint and name the State of New Jersey as a defendant.  While amendments to complaints should ordinarily be freely granted, see Rule 4:9-1, here the amendment must be considered in light of the requirements of the Act.  See Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (noting "courts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law" (quoting Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256-57 (App. Div. 1997))).

A searching review of the record here discloses no claim against the State of New Jersey.  Dr. Kar was an employee of Rowan University.  While his lawyer mistakenly sometimes refers to Dr. Kar as a "state employee," Dr. Kar clearly was not a state employee.  Instead, he was an employee of a public entity.  Accordingly, amending the complaint to include the State of New Jersey as a defendant "would be a useless endeavor."  Notte, 185 N.J. at 501.  Just as importantly, as the trial court correctly noted, allowing plaintiffs to name the State as a defendant would be contrary to the notice and timing requirements of the Act.  See ibid. (explaining courts consider potential prejudice to non-moving parties in determining whether to grant leave to amend a complaint).

A-4543-17T1

Accordingly, we also affirm the order denying plaintiffs' motion to amend their complaint to name the State as a defendant.

In summary, the requirements and limitations imposed by the Act establish that plaintiffs did not file a timely notice, the notice was not in substantial compliance, there was no abuse of discretion in denying their request to file a late notice, and they had no basis to file a claim against the State. As a consequence, the trial court also did not err in denying reconsiderations of those orders.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION