137 N.J. Super. 566 (1975)
350 A.2d 82
MARK ALLEN PETERSON, AN INFANT BY HIS GUARDIAN AD LITEM, ROBERT PETERSON, AND ROBERT PETERSON, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
EDISON TOWNSHIP BOARD OF EDUCATION, "JOHN DOE," THE NAME "JOHN DOE," BEING FICTITIOUS AND "JAMES DOE," THE NAME "JAMES DOE," BEING FICTITIOUS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 5, 1975.
Decided December 16, 1975.
*567 Before Judges HALPERN, CRANE and MICHELS.
Mr. George F. Hendricks, attorney for appellants.
Messrs. Purcell, Ries & Shannon, attorneys for respondent (Mr. William P. Ries on the brief).
*568 The opinion of the court was delivered by CRANE, J.A.D.
Plaintiffs brought an action against the Edison Township Board of Education and two fictitiously named defendants to recover for permanent personal injuries allegedly incurred by plaintiff Mark Allen Peterson when he was pushed by a fellow student and caused to fall down while attending the Herbert Hoover Junior High School. The court below granted the board's motion for summary judgment, holding that the action was barred by a provision of the New Jersey Tort Claims Act, N.J.S.A. 59:9-2(d), because plaintiffs' medical treatment expenses were only $531.60 and did not exceed $1000.
We are of the opinion that the court below interpreted the statute erroneously. The critical portion of the statute provides as follows:
No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $1,000.00. For purposes of this section medical treatment expenses are defined as the reasonable value of services rendered for necessary surgical, medical and dental treatment of the claimant for such injury, sickness or disease, including prosthetic devices and ambulance, hospital or professional nursing service.
It has long been recognized that pain and suffering are only one among several of the elements of damage for which an injured party may seek recovery in a negligence action. Theobold v. Angelos, 40 N.J. 295, 304 (1963). The clear legislative intent, as we see it, was to restrict recovery for pain and suffering to those cases in which the medical expenses have exceeded the threshold amount of $1000. The quoted language expresses no intention of barring or limiting recovery for permanent injuries.
The defendant board argues that the comment from the Report of the Attorney General's Task Force on Sovereign Immunity appearing in the annotation following the *569 statutory language in N.J.S.A. 59:9-2 expresses an intention to limit all recoveries to cases in which the loss is substantial. The comment does not support defendant's position. It, too, deals only with a limitation on recoveries for pain and suffering. The statute is clear and unambiguous in our judgment. We must construe it in accordance with the language used. Bass v. Allen Home Improvement Co., 8 N.J. 219, 226 (1951); Reale v. Wayne Tp., 132 N.J. Super. 100, 115 (Law Div. 1975).
Plaintiffs have alleged a permanent injury, a fracture of the right forearm and wrist with a resulting deformity. They are entitled to an opportunity to try the issue of whether the injury was "proximately caused by an act or omission of a public employee within the scope of his employment," N.J.S.A. 59:2-2(a), and the issue of damages. The statute forecloses plaintiffs only from pursuing a claim for pain and suffering as an element of damages.
The judgment is reversed and the cause is remanded for trial in accordance with the principles of law expressed in this opinion.