143 N.J. Super. 61 (1976)
362 A.2d 624
EDIE LABARRIE AND THOMAS LABARRIE, HER HUSBAND, PLAINTIFFS,
v.
HOUSING AUTHORITY OF THE CITY OF JERSEY CITY, DEFENDANT.
Superior Court of New Jersey, Hudson County Court, Law Division.
Decided June 28, 1976.
*62 Mr. Louis Chodash for plaintiff.
Mr. Richard I. Ostrager for defendant.
BILDER, J.S.C., Temporarily Assigned.
This is a motion by defendant Housing Authority for summary judgment against an injured party on the ground that damages are barred by N.J.S.A. 59:9-2(d).
On November 30, 1973 plaintiff suffered an injury when she fell on defendant's sidewalk. The fall resulted in a hematoma (bruise) of the right shoulder from which plaintiff alleges permanent injury. Up to the time of this motion, the adjourned trial date, the medical bills total less than $500, and apart from the original physical signs associated with the bruise, discovery has disclosed that there will be no evidence of objective findings of injury to plaintiff related to the falldown accident. Indeed, plaintiff's New York specialist in his report of October 23, 1975, at least four months after plaintiff's last treatment, found no objective abnormalities in the x-rays or his physical examination. His treatment and conclusions were based solely on the plaintiff's subjective complaints. At the time of his last examination these were "a chief complaint of pain and stiffness of the right arm."
Defendant is a public entity within the meaning of the New Jersey Tort Claims Act. English v. Newark Housing Auth., 138 N.J. Super. 425 (App. Div. 1976). Defendant takes the position that the Tort Claims Act bars the claim because plaintiff has failed to reach the $1,000 threshold provided *63 in N.J.S.A. 59:9-2(d).[1] It is plaintiff's contention that she suffered a permanent injury which removes her claim from the limitations of the threshold.
In order to provide for the compensation of injuries negligently caused by public entities, the Legislature enacted the New Jersey Tort Claims Act. N.J.S.A. 59:1-1 et seq. In so doing, it declared it to be our public policy that "public entities shall only be liable for their negligence within the limitations of this act and in accordance with the fair and uniform principles established herein." N.J.S.A. 59:1-2.
The basic approach taken by the Legislature was to reestablish sovereign immunity[2] and at the same time grant waiver of that immunity under circumstances and in accordance with conditions set forth in the act.[3] In determining the circumstances under which the waiver would be granted, the Legislature undertook to eliminate (or bar) claims which in the opinion of the Legislature were not of sufficient significance to warrant redress. It defined these claims by the use of a monetary yardstick  medical treatment expenses. *64 If these expenses do not exceed $1,000, no damages are to be awarded for pain and suffering. N.J.S.A. 59:9-2(d).[4]
Plaintiff concedes that she cannot receive damages for her pain and suffering but contends that N.J.S.A. 59:9-2(d) does not bar recovery for damages for permanent injuries  i.e., the impairment of her faculties, health and ability to participate in activities as distinguished from physical discomfort and distress. Peterson v. Edison Tp. Bd. of Ed., 137 N.J. Super. 566 (App. Div. 1975) so holds. See also, discussion in Reale v. Wayne Tp., 132 N.J. Super. 100, 115 (Law Div. 1975).
In Peterson the claimed item of damage was a fracture of the forearm and wrist, with a resulting deformity  an objective impairment. In the instant case, however, the claim is purely subjective  consisting entirely of plaintiff's complaints of physical discomfort and distress. Her own doctor's report reveals full range of motion, active and equal reflexes, adequate grasp strength and an absence of any pathology in x-ray studies. To extend Peterson so as to permit recovery for this type of nonobjective complaint would be to ignore the Legislative mandate. The result would be to allow recovery for pain and suffering by denominating it permanent injury. The Legislature did not intend such a result.[5] The intention of the Legislature is entitled to greater recognition and implementation.
*65 The issue as to the nonobjectivity of the complaint is not in real contest; there is no substantial issue as to any material fact in relation thereto. See Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). A failure to meet the threshold requirements of N.J.S.A. 59:9-2(d) can be disposed of by summary judgment. See Falcone v. Branker, 135 N.J. Super. 137 (Law Div. 1975).
Defendant's motion for summary judgment is granted.
NOTES
[1] N.J.S.A. 59:9-2(d) reads as follows:

No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $1,000.00. For purposes of this section medical treatment expenses are defined as the reasonable value of services rendered for necessary surgical, medical and dental treatment of the claimant for such injury, sickness or disease, including prosthetic devices and ambulance, hospital or professional nursing service.
[2] English v. Newark Housing Auth., supra; Comment to N.J.S.A. 59:2-1, Report of the Attorney General's Task Force on Sovereign Immunty, 209 (1972).
[3] See, generally, chapters 2, 8 and 9 of the act, N.J.S.A. 59:2-1 et seq.; N.J.S.A. 59:8-1 et seq.; N.J.S.A. 59:9-1 et seq.
[4] The threshold provision set forth in N.J.S.A. 59:9-2(d) is not found in other tort claims acts but has been taken from the no-fault statutes. A threshold provision is found in New Jersey's no-fault law, N.J.S.A. 39:6A-8, as well as many others  e.g., Conn. (C.G.S.A. 38:323(a) (7)); Florida (18A F.S.A. 627.737(2) et seq.); Mass. (Mass. Gen. Laws Ann., c. 231, § 6D); New York (McKinney's Consol. Laws, Insurance 671 and 673). See discussion in Emma v. Romano, 136 N.J. Super. 255, 257-259 (Law Div. 1975).
[5] Comment to N.J.S.A. 59:9-2(d), Report of the Attorney General's Task Force on Sovereign Immunity, 234 (1972).