677 A.2d 210

JESSIE COLLINS, PLAINTIFF/APPELLANT, v. UNION COUNTY JAIL, UNION COUNTY BOARD OF CHOSEN FREEHOLDERS, JAIL DIRECTOR WARREN MACCARELLI, CORRECTION OFFICER GAYLAND ROBINSON, SUPERVISING LIEUTENANT JOHN DOE 1, SUPERVISING SERGEANT JOHN DOE 2, CORRECTION OFFICERS JOHN DOE 3 THRU 5, JOSEPH SALAY, OFFICER OF INTERNAL AFFAIRS, HAROLD GIBSON, DEPUTY COUNTY MANAGER AND DIRECTOR OF PUBLIC SAFETY, DEFENDANTS/RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted May 8, 1996—Decided May 30, 1996.

Before Judges SHEBELL, WALLACE and NEWMAN.

*McCreedy* and *Cox,* attorneys for appellant (*Edwin J. McCreedy,* on the brief).

*James F. Keefe,* Union County Counsel, attorney for respondents (*Victor DiFrancesco, Jr.,* Assistant County Counsel, on the brief).

PER CURIAM.

The judgment is affirmed for the reasons expressed by Judge Menza in his written opinion of October 6, 1995, reported at 291 *N.J.Super.* 318, 677 *A.*2d 285 (Law Div.1996). We are satisfied from our review of the record and the arguments presented that plaintiff's claim against Union County must fail. Pursuant to *N.J.S.A.* 59:9–2(d), plaintiff may not recover against a public entity for pain and suffering resulting from permanent psychological injury, unless such injury results in a "permanent loss of a bodily function, permanent disfigurement or dismemberment" and "the medical treatment expenses are in excess of $1,000." *Ibid.* Plaintiff's medical expenses met the threshold but his psychological impairment, without any evidence of physical injury, was not a qualifying injury. *See Ayers v. Jackson Township,* 106 *N.J.* 557, 576–77, 525 *A.*2d 287 (1987). Without a qualifying injury, plaintiff may not recover his medical expenses related to his psychological impairments or for permanency relating to his emotional distress claim. *Ibid.* All of the issues of law raised are without merit. *See R.* 2:11–3(e)(1)E.

Affirmed.